**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JOSEPH J. SHELTON, as CHIEF EXECUTIVE** | ) |
| **OFFICER OF THE CENTRAL PENSION FUND** | ) |
| **OF THE INTERNATIONAL UNION OF OPERATING** | ) |
| **ENGINEERS AND PARTICIPATING EMPLOYERS** | ) |
| **4115 Chesapeake Street, N.W.,** | ) |
| **Washington, D.C. 20016,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )  **C O M P L A I N T** |
| | ) |
| **GROSS HYDRAULICS, LLC** | ) |
| **d/b/a Pirtek Overland** | ) |
| **d/b/a Pirtek St. Louis** | ) |
| **117 South Lexington Street, Suite 100** | ) |
| **Harrisonville, Missouri 64701** | ) |
| | ) |
| **Defendant.** | ) |

**COMPLAINT**

**(TO COLLECT CONTRIBUTIONS AND DAMGES DUE TO**
**EMPLOYEE BENEFIT FUND AND FOR OTHER EQUITABLE RELIEF)**

Plaintiff, pursuant to Federal Rule of Civil Procedure 8(a), hereby alleges the following:

**PARTIES**

1.    Plaintiff, Joseph J. Shelton, is the Chief Executive Officer of the Central Pension

Fund of the International Union of Operating Engineers and Participating Employers ("Central

Pension Fund").  The Central Pension Fund is an employee benefit plan as that term is defined in

Section 3(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§

1002(3).  The Central Pension Fund is a multiemployer plan as that term is defined in Section

3(37) of ERISA, 29 U.S.C. § 1002(37).  The Central Pension Fund was established and is

maintained in accordance with its Restated Agreement and Declaration of Trust.  The Central

Pension Fund is administered by the Trustees at 4115 Chesapeake Street, N.W., Washington, D.C.

20016.  The Plaintiff is a designated fiduciary in accordance with the Central Pension Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).  The Central Pension Fund is funded as required by collective bargaining agreements between participating employers and local unions affiliated with the International Union of Operating Engineers.

2.      Defendant Gross Hydraulics, LLC d/b/a Pirtek Overland, d/b/a Pirtek St. Louis, is a Missouri limited liability company that has an office at 117 South Lexington Street, Suite 100 in Harrisonville, Missouri 64701, and at all times relevant to this action has been "an employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11) and (12), and Section 3 of the Multi-Employer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001a.

## JURISDICTION AND VENUE

3.      This is an action to collect contributions and other amounts due to an employee benefit plan under the terms of collective bargaining agreements and a trust agreement, and for other appropriate equitable relief.  This Court has subject matter jurisdiction of this action under §§ 502(a)(3), (g) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), (g) and 1145, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4.      This Court has personal jurisdiction over the Defendant pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

5.     Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

**FACTS**

6.     The Defendant has been bound at all relevant times to collective bargaining agreements with the International Union of Operating Engineers, Local 513 AFL-CIO that govern the wages, benefits, and terms and conditions of employment of certain employees performing work for the Defendant within the jurisdiction of the local union ("Collective Bargaining Agreements").

7.     Pursuant to the Collective Bargaining Agreements, the Defendant agreed to pay certain sums of money to the Plaintiff for each hour paid to employees of the Defendant performing work covered by the Collective Bargaining Agreements.

8.     During the period April 2020 through the present, the Defendant has employed employees performing work under the Collective Bargaining Agreements.

9.     During the period April 2020 through the present, the Defendant failed to report and pay all contributions owing to the Plaintiff.

10.     Pursuant to the Plaintiff's Restated Agreements and Declarations of Trust, an employer who fails to pay required contributions is liable for liquidated damages in the amount of 20% of the total contributions owed.

11.      Pursuant to the Plaintiff's Restated Agreements and Declarations of Trust an employer who fails to pay required contributions is liable for interest at the rate of 9% per annum.

12.     Pursuant to the Plaintiff's Restated Agreements and Declarations of Trust an employer who fails to pay required contributions is liable for all attorneys' fees and costs.

13.     The Plaintiff will seek a judgment in this action against the Defendant for all contributions, interest, liquidated damages, and attorneys' fees and costs which become due, are

estimated to be due, or are discovered as being due, subsequent to the filing of this action, during the pendency of this action, and up to the date of judgment.

## COUNT I

**(UNREPORTED AND UNPAID CONTRIBUTIONS AND
OTHER AMOUNTS OWED TO EMPLOYEE BENEFIT FUND)**

14.    The Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 13 as if fully set forth in this Count I.

15.    Because the Defendant has failed to comply with its contractual duty to submit reports and contributions, the Plaintiff cannot determine the exact amount of contributions due to the Plaintiff by the Defendant for covered work performed during the periods April 2020 through the present.

16.    The Plaintiff is entitled to judgment against the Defendant in the form of an order requiring the Defendant to submit all outstanding remittance reports for the period April 2020 through the date of judgment, as well as for all contributions owed, plus interest owed on unpaid contributions at the rate of 9% per annum, liquidated damages in the amount of 20% of the total contributions owed, and attorneys' fees and costs.

**WHEREFORE,** the Plaintiff prays judgment on Count I as follows:

A.    For a Court Order requiring the Defendant to submit all outstanding remittance reports for work performed during the period April 2020 through the date of judgment.

B.    For unpaid contributions due and owing to the Plaintiff for work performed under the Collective Bargaining Agreements during the period April 2020 through the date of judgment.

C.    For liquidated damages and interest for any unpaid contributions owed as provided for in the Plaintiff's Restated Agreements and Declarations of Trust and pursuant to 29 U.S.C. § 1132(g)(2), up to the date of judgment.

D.    For reasonable attorneys' fees and costs, as required by the Plaintiff's Restated Agreements and Declarations of Trust and 29 U.S.C. § 1132(g)(2), up to the date of judgment.

E.    For all contributions which become due, are estimated to be due, or are discovered as being due, subsequent to the filing of this action, during the pendency of this action, and up to the date of judgment.

F.    Such further relief as the Court deems appropriate.

Respectfully submitted,

Dated: <u>May 31, 2023</u>          By:    <u>/s/ Charles W. Gilligan</u>
                                        Charles W. Gilligan (Bar No. 394710)
                                        **O'DONOGHUE & O'DONOGHUE LLP**
                                        5301 Wisconsin Avenue, N.W., Suite 800
                                        Washington, D.C. 20015
                                        Telephone: (202) 362-0041
                                        Facsimile: (202) 237-1200

                                        *Attorneys for the Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing Complaint to be served by certified mail in accordance with the requirements of Section 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 31st day of May, 2023 on the following:

> The Office of Division Counsel
> Associate Chief Counsel (TE/GE) CC:TEGE
> Room 4300
> 1111 Constitution Avenue
> Washington, DC  20224
>
> Secretary of Labor
> 200 Constitution Ave., N.W.
> Washington, DC  20210
>
> Attention:  Assistant Solicitor for
>                     Plan Benefits Security

> /s/ Charles W. Gilligan
> Charles W. Gilligan