UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH J. SHELTON,<br><br>*Plaintiff*,<br><br>v.<br><br>GROSS HYDRAULICS, LLC ,<br><br>*Defendant*. | Civil Action No. 23-01557 (AHA) |

## Memorandum Opinion

Plaintiff Joseph Shelton, the CEO and designated fiduciary of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, brings this Employee Retirement Income Security Act (ERISA) action against Defendant Gross Hydraulics, LLC. According to the complaint, Gross Hydraulics was obligated under a collective bargaining agreement to report and make payments to the Central Pension Fund for every hour of work performed by its unionized employees. Moreover, Gross Hydraulics failed to report and pay the contributions it owed from April 2020 until November 2023 which includes unpaid contributions, interest, liquidated damages, and attorney's fees and costs totaling $268,828.26. Following proof of service, the Clerk's entry of default, and additional documented efforts to contact Gross Hydraulics, Shelton has moved for default judgment. Upon consideration of Shelton's submissions and Gross Hydraulics' failure to appear to defend itself, the motion for default judgment is granted.

The Federal Rules empower a court to enter default judgment against a defendant who fails to defend its case. Fed. R. Civ. P. 55(b)(2); *Keegel v. Key W. & Caribbean Trading Co.*, 627 F.2d 372, 375 n. 5 (D.C. Cir. 1980). While federal policy generally favors resolving disputes on their

merits, default judgment is appropriate "when the adversary process has been halted because of an essentially unresponsive party." *Mwani v. bin Laden*, 417 F.3d 1, 7 (D.C. Cir. 2005) (internal quotation marks omitted).

The rules set forth a two-step process for default judgment. First, the plaintiff must ask the Clerk of Court to enter default against a defendant that "has failed to plead or otherwise defend" its case. Fed. R. Civ. P. 55(a). Second, the plaintiff moves for default judgment, which may be granted "when the adversary process has been halted because of an essentially unresponsive party." *Boland v. Elite Terrazzo Flooring, Inc.*, 763 F. Supp. 2d 64, 67 (D.D.C. 2011) (quoting *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980); *H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)). "Default establishes the defaulting party's liability for the well-pleaded allegations of the complaint." *Id*. at 67. The Court then makes "an independent determination of the sum to be awarded." *Id*. The plaintiff is required to prove his entitlement to the relief requested through testimony, detailed affidavits, or other evidence. *Ventura v. L.A. Howard Constr. Co.*, 134 F. Supp. 3d 99, 103 (D.D.C. 2015).

Here, Shelton sought and obtained the Clerk's entry of default after Gross Hydraulics failed to plead or otherwise defend itself in this case. And Gross Hydraulics' failure to take any action in this litigation has made it impossible for the Court to resolve Shelton's claims on the merits, so default judgment is justified. *See Jackson v. Beech*, 636 F.2d at 835–36; *Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC*, 531 F. Supp. 2d 56, 57 (D.D.C. 2008) ("Given the absence of any request to set aside the default or suggestion by the defendant that it has a meritorious defense, it is clear that the standard for default judgment has been satisfied." (internal quotation marks omitted)).

Shelton has also adequately supported his request for damages. Under Section 502(g)(2) of ERISA, Gross Hydraulics' failure to make the required monthly contributions to the Central Pension Fund entitles Shelton to (1) the unpaid contributions; (2) interest on the unpaid contributions; (3) either an additional interest assessment or liquidated damages capped at 20 percent of the unpaid contributions (whichever is higher); and (4) reasonable attorney's fees and costs. 29 U.S.C. § 1132(g)(2). Ordinarily, the employer keeps track of the contributions it owes and shares that information with the pension fund in a monthly remittance report. Where, as here, the employer fails to submit the reports, the Court usually allows the pension fund to calculate an estimate based on the average contributions paid in prior months. *See, e.g.*, *Int'l Painters & Allied Trades Indus. Pension Fund v. LaSalle Glass & Mirror Co.*, 267 F.R.D. 430, 434 (D.D.C. 2010). Here, the Court has the benefit of more specific information. Shelton provides records from a business agreement that Gross Hydraulics entered into, in which Gross Hydraulics listed the hours worked by its employees during much of the delinquency period. ECF No. 9-3 at 5. Shelton used these records to calculate the unpaid contribution amount ($203,360.92); the interest accrued on the unpaid contributions ($31,940.21); and the liquidated damages ($30,504.13). *Id*. at 5–6. Shelton's supporting documents further show that he incurred reasonable attorney's fees and costs of $3,023. ECF No. 9-2; ECF No. 9-3 at 46–47.

For these reasons, the Court grants Shelton's motion for default judgment in the amount of $268,828.26. A separate order consistent with this decision accompanies this memorandum opinion.

_____

AMIR H. ALI
United States District Judge

Date:   January 8, 2025